

SOUTHERN DISTRICT OF MISSISSIPPI
FILED

SEP - 3 2015

ARTHUR JOHNSTON
BY_____ DEPUTY

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**PATRICK HARRIS**                                     **PLAINTIFFS**

**VERSUS**                        **CIVIL ACTION NO.** 3:15cv 646 TSL-RHW

**CITY OF PEARL, MISSISSIPPI;
OFFICER JOEL HOUSTON,
officially and in his individual capacity,
OFFICER JEFF WILDER,
officially and in his individual capacity;
OFFICER CHALMERS GORDON,
officially and in his individual capacity;
OFFICER AMANDA THOMASSON,
officially and in her individual capacity;
and JOHN OR JANE DOES 1 - 15**                      **DEFENDANTS**

## COMPLAINT

### [JURY TRIAL DEMANDED]

COMES NOW the Plaintiff, PATRICK HARRIS, by and through his county, and would file this Complaint against the Defendants named herein, and in support thereof present the following to wit:

### I.

### PARTIES

1.      Plaintiff, Patrick Harris, is an adult resident citizen of Rankin County, Mississippi.

2.      Defendant City of Pearl, Mississippi, (hereinafter "Pearl") is a political subdivision of the State of Mississippi and at all times relevant operated under of state law. Defendant Pearl is responsible for the City of Pearl Police Department ad for the

actions of its officers acting under color of state law.  Defendant Pearl may be served with process through Pearl City Clerk, Joann Ladner, at 2420 Old Brandon Road, Pearl, Mississippi 39208.

3.      Defendant, Joel Houston, is a person of full age and majority and a citizen of and resides in the Southern District of Mississippi.  At all pertinent and relevant times herein, the said Joel Houston was employed by the City of Pearl's Police Department and, upon information and belief, was a police officer when the events set forth in this Complaint occurred and was acting and/or neglected to act in the course and scope of his employment and under color of state law.  Said Joel Houston is made a Defendant herein individually and in his official capacity as a  police officer with the City of Pearl's Police Department.  Defendant, Joel Houston, may be served process of this Court in the time and manner provided by law.

4.      Defendant, Jeff Wilder, is a person of full age and majority and a citizen of and resides in the Southern District of Mississippi.  At all pertinent and relevant times herein, the said Jeff Wilder was employed by the City of Pearl's Police Department and, upon information and belief, was a police officer when the events set forth in this Complaint occurred and was acting and/or neglected to act in the course and scope of his employment and under color of state law.  Said Jeff Wilder is made a Defendant herein individually and in his official capacity as a police officer with the City of Pearl's Police Department.  Defendant, Jeff Wilder, may be served process of this Court in the time and manner provided by law.

2

5.      Defendant, Chalmers Gordon, is a person of full age and majority and a citizen of and resides in the Southern District of Mississippi.   At all pertinent and relevant times herein, the said Chalmers Gordon was employed by the City of Pearl's Police Department and, upon information and belief, was a police officer when the events set forth in this Complaint occurred and was acting and/or neglected to act in the course and scope of his employment and under color of state law.  Said Chalmers Gordon is made a Defendant herein individually and in his official capacity as a police officer with the City of Pearl's Police Department.  Defendant, Chalmers Gordon, may be served process of this Court in the time and manner provided by law.

6.      Defendant, Amanda Thomasson, is a person of full age and majority and a citizen of and resides in the Southern District of Mississippi.   At all pertinent and relevant times herein, the said Amanda Thomasson was employed by the City of Pearl's Police Department and, upon information and belief, was a police officer when the events set forth in this Complaint occurred and was acting and/or neglected to act in the course and scope of his employment and under color of state law.  Said Amanda Thomasson is made a Defendant herein individually and in her official capacity as a police officer with the City of Pearl's Police Department.   Defendant, Amanda Thomasson, may be served process of this Court in the time and manner provided by law.

7.      Plaintiff is ignorant of the true names and capacities of Defendants sued herein as JOHN OR JANE DOES 1-15, inclusive, and therefore sue these Defendants by such fictitious names and capacities.  Plaintiff will amend this complaint to allege the

3

true names and capacities of these John or Jane Does when ascertained. Plaintiff is informed and believes and on that basis alleges that each fictitiously-named Defendant is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries were proximately caused by the conduct of each such Defendant.

8.     At all times relevant hereto the Defendants, acting individually and in concert with each other, as set forth herein below, acted unreasonably and with deliberate indifference to, and in reckless disregard for the constitutional rights and civil rights of Plaintiff, and thereby did inflict, allow to be inflicted and failed to prevent the infliction of injuries suffered by Plaintiff, all accomplished under color of law, and the Defendants are therefore liable unto Plaintiff for the acts and omissions set out herein. The injuries to Plaintiff, in addition to the deliberate acts pleaded herein, were readily foreseeable by each Defendant as the obvious consequence of their deliberate actions. In other words at all times pleaded herein it was clearly obvious to all Defendants that the harm which occurred to Plaintiff, would occur sooner or later to a citizen of Jackson County, absent remedial action on the part of the Jackson County Sheriff's Department, acting through its agents the Defendants herein, who, despite their knowledge failed to act.

9.     Whenever and wherever reference is made in this complaint to any act by a Defendant and/or Defendants, such allegations and references shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and/or severally.

**II.**

4

**JURISDICTION AND VENUE**

10.     This Court has subject matter jurisdiction of this civil action pursuant to 28 U.S.C. § 1331 (Federal Question) and 28 U.S.C. 1343(a)(3) (Civil Rights), the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, and due to supplemental jurisdiction over the state law claims, and personal jurisdiction as the Defendants are residents or entities located within the jurisdiction of this Court.

11.     Venue in this case is proper in this Court pursuant to 28 U.S.C. § 1391, because the conduct, acts and/or omissions upon which this cause of action is based occurred in Rankin County, Mississippi, which is completely within the jurisdiction of the United States District Court for the Southern District of Mississippi, Northern Division, and this case involves federal questions of law.

**III.**

**FACTS GIVING RISE TO CAUSE OF ACTION**

12.     At all times relevant hereto the Defendants, acting individually and in concert with each other, as set forth herein below, acted unreasonably and with deliberate indifference to, and in reckless disregard for the constitutional rights of and the civil rights of the Plaintiff, Patrick Harris.

13.     On or about November 19, 2012, Plaintiff, Patrick Harris, was riding with a friend who dropped him at the entrance of G.G.'s Christian Kindercare on Sweet Home Church Road in Pearl, Rankin County, Mississippi.   Plaintiff was intending to visit a friend who lived on Jones Circle, the street across the road.

14.     Defendant, Officer Joel Houston, had just completed a traffic stop on

5

another unrelated person at Highway 475 and Sweet Home Church Road. He then pulled up across from the Jones Circle entrance.

15.     Defendant, Officer Joel Houston, for unknown reason, got out of his police car and demanded that Plaintiff, Patrick Harris, speak to him for unknown reasons.

16.     Defendant, Officer Joel Houston, without probable cause or reasonable suspicion of a crime, demanded that Plaintiff, Patrick Harris, give him his identification.

17.     Plaintiff, Patrick Harris, stated that he did not have any identification.

18.     Plaintiff, Patrick Harris, heard Defendant, Officer Joel Houston, state into his walkie-talkie on his left shoulder "black male walking."

19.     Plaintiff, Patrick Harris, then heard a loud pop. He turned around to see that the Defendant have attempted to shoot him with a Tazer X26.

20.     Plaintiff, Patrick Harris, in fear of his life then proceed to run down Jones Circle.  Plaintiff was avoiding an unlawful arrest.

21.     Defendant then chased him into Plaintiff, Patrick Harris, friend's yard in which he tripped and fall down.

22.     Defendant, Joel Houston, jumped on him and began assaulting Plaintiff with his fists and some type of foreign object.  Defendant began beating Plaintiff on his head. Defendant, Officer Joel Houston, hit the Plaintiff with so much force that Officer Joel Houston broke his hand.

23.     Plaintiff screamed for help, however, Defendant told him to shut up and attempted to handcuff the Plaintiff.

24.     Defendant knocked Plaintiff unconscious.  Plaintiff, Patrick Harris, awoke

6

with other Defendants on top of him.

      25.    Defendants, Officer Chalmers Gordon and Officer Jeff Wilder, arrived at the scene with on Jones Circle.

      26.    Defendant, Officer Chalmers Gordon, drew his taser and ordered Plaintiff stop resisting this illegal arrest and placed his arms behind his back. Defendant, Officer Jeff Wilder, assisted handcuffing the Plaintiff. Defendants, Officer Chalmers Gordon, illegally search Plaintiff's body and placed him in Defendant Officer Jeff Wilder's patrol car.

      27.    Defendant, Officer Amanda Thomasson, attempted to interrogate Plaintiff. Plaintiff chose to remain silent pursuant to his constitutional rights.

      28.    American Medical Response ambulance service arrived at the scene finding that Plaintiff, Patrick Harris, had laceration to his head that required immediate medical treatment.

      29.    Over an hour later, Defendant Officer Jeff Wilder transported Plaintiff, Patrick Harris, to the University of Mississippi Medical Center for treatment.

      30.    Plaintiff, Patrick Harris, was then released on his own recognizance bond.

      31.    Defendants wrongfully charged Plaintiff, Patrick Harris, with disobeying a police officer, resisting arrest and disorderly conduct. The charged of disorderly conduct was based on Mississippi Code Ann. § 97-35-3(b). This statute had been repealed at the time of the charge.

      32.    Plaintiff, Patrick Harris, retained the services of an attorney to defend himself on these charges.

33.     On or about April 22, 2013, the City of Pearl transferred Plaintiff's, Patrick Harris, case to the Justice Court of Rankin County, Mississippi.

34.     All four Justice Court Judges of Rankin County and the Rankin County Prosecutor all recused themselves of Plaintiff's criminal case.

35.     On or about September 19, 2013, Plaintiff received notice that his criminal case was then assigned back to the City of Pearl City Prosecutor and appointed Justice Court Judge Marsha Weems Stacey.

36.     The City of Pearl failed to prosecute Plaintiff's criminal charges until Plaintiff filed a request to dismiss in February 2015.

37.     After filing of briefs with both Mr. Harris and the City, his criminal charges were dismissed for both lack of prosecution and lack of probable cause on June 9, 2015.

38.     On or about May 29, 2015, another Pearl Police Officer arrested Plaintiff, Patrick Harris, again for failure to give required personal information without probable cause for any crime.  Defendants, in concert, have a routine pattern and practice of violation of constitutional rights of all citizens.

39.     As a direct and proximate result of the acts and/or omissions of the Defendants, including certain unknown John or Jane Does 1-15, who are employees, operators, staff, agents, and/or contractors of the City of Pearl, the Plaintiff suffered bodily injury, a substantial risk of serious harm, and negligent, gross negligent, and intentional infliction of pain and suffering.

40.     The Defendants and certain unknown John or Jane Does 1-15, who upon

8

information and belief are deputies, employees or staff of the City of Pearl, intentionally and willfully disregarded and ignored the Plaintiff's safety and physical welfare by restraining him, beating him, and physically abusing him.

41.    Upon information and belief, it is standard, commonly accepted practice at the City of Pearl detainees to be unlawfully stopped, arrested, beaten, and otherwise physically abused.

42.    The Defendants' actions show deliberate indifference to the health, safety, and well-being of the Plaintiff and others similarly situated.  The Defendants' actions amounted to unnecessary and unreasonable violence toward the Plaintiff, willful, wanton and intentional infliction of pain and suffering that constituted cruel and unusual punishment resulting in a gross deprivation of federal and state rights, privileges, protections, and immunities afforded to the Plaintiff under the Fourth and Fourteenth Amendments to the United States Constitution.

43.    At all times during Plaintiff's unlawful stop, arrest and detention, the Defendants were acting under color of authority of the laws and regulations of the State of Mississippi and Federal law and pursuant to policies and procedures of the City of Pearl Police Department.

44.    Upon information and belief, the City of Pearl Police Department had policies, customs, or practices in place that allowed its agents and employees, the Defendants herein, to act with deliberate, reckless, and callous indifference to the constitutional rights and other rights protected by law of individuals unlawfully arrested and detained by the City of Pearl Police Department, thus directly causing the

9

violation of the Plaintiff's constitutional rights.

45. Upon information and belief, Defendants, City of Pearl, Officer Joel Houston, Officer Jeff Wilder, Officer Chalmers Gordon, and Officer Amanda Thomasson, as well as certain other as yet unidentified individuals labeled herein as John or Jane Does 1-15, intentionally violated the constitutional rights and other rights protected by law of the Plaintiff.

46. Defendants, City of Pearl, Officer Joel Houston, Officer Jeff Wilder, Officer Chalmers Gordon, and Officer Amanda Thomasson, and/or certain as yet unidentified John or Jane Does 1-15, and other members of the City of Pearl Police Department, acting in the course and scope of their employment with City of Pearl Police Department, Mississippi, engaged in a course of conduct that resulted in unnecessary and unreasonable violence resulting in cruel and unusual punishment toward the Plaintiff and caused a violation of the constitutional and civil rights of the Plaintiff. This conduct by Defendants, City of Pearl, Officer Joel Houston, Officer Jeff Wilder, Officer Chalmers Gordon, and Officer Amanda Thomasson and/or certain as yet unidentified John or Jane Does 1-15, and other members of the City of Pearl Police Department, was the proximate and sole cause of the damages and losses sustained by the Plaintiff in this matter.

47. Defendants, City of Pearl, Officer Joel Houston, Officer Jeff Wilder, Officer Chalmers Gordon, and Officer Amanda Thomasson, and certain as yet unidentified John or Jane Does 1-15, and other deputies involved in the events described herein, were

either directed or allowed by City of Pearl policy makers to ignore the constitutional and civil rights of the Plaintiff without repercussion in violation of state and federal law.

48.     Upon information and belief the City of Pearl, created and maintained a culture, pattern and practice of physically abusing inmates and detainees who did not act or behave exactly the way the deputies told them to act or behave, ignoring inmates' and detainees' safety and welfare in the City of Pearl Police Department, and violating detainees' constitutional rights, both state and federal, which created policies, practices and procedures that led to the violation of the Mississippi and United States Constitutional rights of the Plaintiff.

49.     Upon information and belief, there policies, practices or customs in place at the City of Pearl Police Department which caused, ratified and/or furthered the violation of Plaintiff's rights as described herein.  Plaintiff accordingly seeks redress under 28 U.S.C. § 1983 for the Defendants' violation of Plaintiff's Fourth and Fourteenth Amendment rights.

50.     At all times pertinent herein the Defendants, each and all, acted willfully, maliciously, wantonly, unreasonably, recklessly, and with deliberate indifference to, and with intentional and wanton disregard of the constitutional and civil rights of Plaintiff.

51.     The Defendants, acting individually and together, under color of law, engaged in a course of conduct, and worked together, to deprive Plaintiff's rights under federal and state law and are liable unto Plaintiff jointly and severally for the wrongful acts complained of herein.

52.     The Defendants acting individually and together, under color of law, engaged in a course of conduct which caused the emotional, mental and physical pain and suffering, and damages of Plaintiff, and violated his rights as guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States.

53.     The actions of the Defendants were willfully in violation of Plaintiff's federally protected rights, and said willful and reckless actions justify the imposition of punitive damages.

## IV.

## COUNT ONE - 42 U.S.C. § 1983 and 1988

54.     Plaintiff re-alleges paragraphs 1 through 34 of this Complaint and incorporates them herein by reference.   Defendants, City of Pearl, Officer Joel Houston, Officer Jeff Wilder, Officer Chalmers Gordon, and Officer Amanda Thomasson, and the as yet unidentified John or Jane Does 1-15, acted under color of law but contrary to law, and intentionally and unreasonably deprived the Plaintiff of rights, privileges, and immunities secured by the Constitution, laws of the United States, and 42 U.S.C. § 1983 and 1988, including,  Plaintiff's right not to be deprived of liberty without due process of law, as guaranteed by Fourth and Fourteenth Amendments of the United States Constitution.

55.     At all times material hereto, the Defendants were vested with the state authority and the non-delegable responsibility and duty of adhering to, complying with, and enforcing the laws of the United States of America and the State of Mississippi. Consequently, while acting under color of state law, the Defendants implemented

12

policies, customs, usage, or practices wherein the rights, privileges, or immunities of the Plaintiff were violated.

56.    The Defendants, joint and severally, engaged in a course of conduct that resulted in the violation of Plaintiff's right to the equal protection of the law of the United States of America, pursuant to the Fourteenth Amendment of the Constitution of the United States of America, and corresponding provisions of the Constitution of the State of Mississippi; the right to procedural and substantive due process of the law pursuant to the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and corresponding provisions of the Constitution of the State of Mississippi; the right be free from unreasonable seizure as guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States of America, and corresponding provisions of the Constitution of the State of Mississippi; and the right against cruel and unusual punishment as secured by the Fourteenth Amendment to the Constitution of the United States of America.

57.    The violations complained of in this Complaint include, but are not limited to, the use of excessive force, torture, deprivation of civil rights, the unnecessary and wanton infliction of pain resulting in a deprivation that was sufficiently serious wherein the Defendants acts, maliciously and sadistically by using force and physical violence were designed and intended by the Defendants to cause the Plaintiff physical, mental and emotional harm, and pain, humiliation and/or injury.

58.    As a direct and proximate consequence of the Defendants' actions, the Plaintiff, Dwight Braswell, was deprived of certain rights, privileges and immunities

secured by the Constitution of the United States of America and the laws of the United States of America and the State of Mississippi, as stated above.

59.    At all times material hereto, the Defendants, City of Pearl, Officer Joel Houston, Officer Jeff Wilder, Officer Chalmers Gordon, and Officer Amanda Thomasson, and certain as yet unidentified John or Jane Does 1-15, acted pursuant to the policies, customs, regulations, and decisions officially adopted or promulgated by those persons whose acts may fairly be said to represent officially policy of or were pursuant to a governmental custom, usage or practice of the City of Pearl Police Department and therefore of the Defendants herein.

60.    It is further averred that Defendants, in their official capacities, were governmental officials whose acts may fairly be said to represent official policy, practices, customs, usage, or regulations of the City of Pearl Police Department.  The aforementioned Defendants collectively and individually developed, planned, and/or implemented customs and/or practices that resulted in and caused the violations of the constitutional and civil rights of Plaintiff.

61.    As a direct and proximate consequence of the Defendants' conduct wherein such Defendants deprived the Plaintiff of certain rights guaranteed by the Constitution of the United States of America and the Constitution of the State of Mississippi, the Plaintiff suffered injuries to his person resulting from the deprivation of his constitutional rights, privileges, and immunities, and ultimately resulting in his injuries for which he experienced pain and suffering, humiliation, mental and physical distress, and severe emotional anguish.

14

62.     Plaintiff requests judgment against all Defendants, for compensatory and punitive damages in whatever amount the jury may determine, plus costs, interest, and attorney fees pursuant to 42 U.S.C. § 1988 or any other statute or common law.

## COUNT TWO - 42 U.S.C. § 1983 and 1988
### (Deprivation of Civil Rights)

63.     Plaintiff re-alleges paragraphs 1 through 43 of this Complaint and incorporates them herein by reference.

64.     Defendants, City of Pearl, Officer Joel Houston, Officer Jeff Wilder, Officer Chalmers Gordon, and Officer Amanda Thomasson, and certain as yet unidentified John or Jane Does 1-15 acted under color of law.

65.     Defendants' conduct under the code of law violated Plaintiff's right to be free from unreasonable seizure, right to due process of law, right to equal protection of the law, and the violation of the prohibition on cruel and inhuman punishment as secured by the Fourth and Fourteenth Amendments of the Constitution of the United States.

66.     Prior to the events described herein, the Defendants developed and maintained customs and practices exhibiting deliberate indifference to violations of the constitutional and civil rights of citizens and detainees of the City of Pearl Police Department.

67.     Defendants entered into an agreement and combined among themselves and/or with others to engage in unlawful conduct, i.e. depriving Plaintiff of rights guaranteed to him under the Fourth and Fourteenth Amendments to the United States

15

Constitution as well as corresponding provisions of the Constitution of the State of Mississippi.

68.   The Defendants demonstrated deliberate indifference to the constitutional rights of citizens and detainees of the City of Pearl Police Department, and were the cause of the violations of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States of Constitution.

69.   During the events alleged in the Complaint, Defendants, City of Pearl, Officer Joel Houston, Officer Jeff Wilder, Officer Chalmers Gordon, and Officer Amanda Thomasson, and the as yet unidentified John or Jane Does 1-15, acted in concert, within the scope of their employment and under color of law, and deprived Plaintiff of his rights under the U.S. Constitutional and Federal Statutes.

70.   Defendants violated 42 U.S.C. § 1983; Defendants' conduct operated to deprive Plaintiff of his rights guaranteed by the United States Constitution and Federal Statutes.

71.   Plaintiff exercised his rights under the Fourth and Fourteenth Amendments of the United States Constitution and under the laws and Constitution of the State of Mississippi.

72.   As a result of the Defendants' violations of Plaintiff's constitutional rights, Plaintiff suffered substantial injuries and damages.

73.   As a direct a proximate result of the foregoing, Defendants deprived Plaintiff of his rights and privileges as a citizen of the United States, and Defendants caused the Plaintiff to suffer significant indignities, and to sustain shock and injury to

16

his nervous system and person, and suffer physical, mental and emotional injuries, all of which has caused the general damages requested by Plaintiff in a sum which will be proven at trial.

## COUNT THREE - 42 U.S.C. § 1983 and 1988
## (Violations of Fourth and Fourteenth Amendments.)

74.     The Plaintiff re-alleges paragraphs 1 through 54 of this Complaint and incorporates them herein by reference.

75.     This cause arises under the Fourth and Fourteenth Amendments of the United States Constitution.

76.     Plaintiff's Constitutional rights that Defendants violated include the following:

        A.     Plaintiff's right to be free from unreasonable seizure pursuant to the Fourth and Fourteenth Amendments;

        B.     Plaintiff's right to due process of law protected by the Fourth and Fourteenth Amendment; and,

        D.     Plaintiff's right to the equal protection of the laws of the United States of America, pursuant to the Fourteenth Amendment.

77.     Defendants, City of Pearl, Officer Joel Houston, Officer Jeff Wilder, Officer Chalmers Gordon, and Officer Amanda Thomasson, and the as yet unidentified John or Jane Does 1-15, was undertaken under color of law and operated to deprive Plaintiff of

rights guaranteed by the United States Constitution as well as corresponding provisions of the Constitution of the State of Mississippi.

78.    As a direct and proximate result of the foregoing, Defendants deprived Plaintiff of his rights and privileges as a citizen of the United States, and Defendants caused the Plaintiff to suffer significant indignities, and to sustain shock and injury to his nervous system and person, and suffer physical, mental and emotional injuries, all of which has caused the general damages requested by Plaintiff in a sum which will be proven at trial.

## COUNT FOUR - FOURTEENTH AMENDMENT

79.    Plaintiff re-alleges paragraphs 1 through 59 of this Complaint and incorporates them herein by reference.

80.    The Fourteenth Amendment to the United States Constitution operates legally to make the Eight Amendment prohibition against cruel and unusual punishments applicable to pretrial detainees such as the Plaintiff and others similarly situated. Thus, the United States Constitution, the Mississippi Constitution, the Statutes and law of the State of Mississippi, and the policies and procedures of the City of Pearl, imposes certain duties on prison officials to provide humane conditions of confinement and to take reasonable steps to guarantee the safety of pretrial detainees. At all times herein mentioned, the Defendants were legally obligated to safely detain and to protect the welfare and safety of all prisoners and detainees, including the Plaintiff.

81.    The Defendants and/or their agents, servants and employees, knowingly and willfully failed to provide for the safety and necessities of life of the Plaintiff, a

pretrial detainee, thereby depriving Plaintiff of his civil rights and other rights secured by the Constitution and laws of the United States of America as well as the Constitution and laws of the State of Mississippi.  This deprivation of Plaintiff's rights includes the Defendants' failure to provide adequate supervision, security, and the necessities of life, including water, and/or providing improper training and management of Defendants' agents, servants and employees.  The Defendants knew of or should have known that their actions caused an excessive risk to the Plaintiff's health, safety, and well-being.

82.    The Defendants' actions demonstrated deliberate and callous indifference to the Plaintiff's constitutional and civil rights.  Further, the Defendants' deprivation of the necessities of life and safety of the Plaintiff constituted a course of action that was clearly a violation of the Plaintiff's constitutional and civil rights and demonstrated a willful and deliberate refusal to provide for the safety and welfare of the Plaintiff and other similarly situated.

83.    Defendants, City of Pearl, Officer Joel Houston, Officer Jeff Wilder, Officer Chalmers Gordon, and Officer Amanda Thomasson, and certain as yet unidentified John or Jane Does 1-15, who upon information and belief are deputies, jailors, and/or other staff members of the City of Pearl Police Department, are individually liable as their actions, under color of the laws and regulations of the United States of America, the State of Mississippi, and the City of Pearl Police Department, were deliberately indifferent to a substantial risk of serious harm to the Plaintiff, and they are liable for punitive damages as their conduct constitutes reckless or callous indifference to the federally protected rights of the Plaintiff and others.

84.     As a direct and proximate result of the foregoing, Defendants deprived Plaintiff of his rights and privileges as a citizen of the United States, and Defendants, by and through their actions and/or inactions intentionally or through their own negligence, failed to expose, prevent or otherwise thwart the conspiracy to deprive the Plaintiff and other persons similarly situated, of equal protections of the laws of this Nation and State notwithstanding the fact that they possessed the authority, power, and ability to halt, annul, void, expose, intervene in or stop the violations before they occurred.   Consequently, these Defendants caused the Plaintiff to suffer significant indignities, pain and suffering, and to sustain shock and injury to his nervous system and person, and suffer physical, mental and emotional injuries, all of which has caused the general damages requested by Plaintiff in a sum which will be proven at trial.

## V.

## DAMAGES AND REMEDIES

85.     Plaintiff re-alleges paragraphs 1 through 65 of this Complaint and incorporates them herein by reference.

86.     As a direct and proximate result of the actions of these Defendants, Plaintiff is entitled to damages in an amount to be determined at the trial of this action. As a result of the violation of the constitutional and other rights of Plaintiff, as set forth in this Complaint, Plaintiff suffered the following injuries and damages:

> A.    Past, present and future emotional distress and mental anguish, inconvenience, humiliation, shame, loss of enjoyment of life, loss

of self-esteem, fear and embarrassment, all of which Plaintiff
suffered;

B.   Past, present and future lost wages and loss of wage earning
capacity;

C.   Medical, doctor, hospital and related expenses;

D.   Attorney fees and costs under 42 U.S.C. § 1988(b), plus pre-
judgment and post-judgment interest; and

E.   Any and all other damages available under federal and state law,
in actions heretofore specified under the United States
Constitution, the Mississippi Constitution, and under federal and
state law, including punitive and/or exemplary damages.

87.   The actions of the Defendants, and each of them, are malicious, unlawful,
and/or so grossly negligent, and the Defendant's conduct involved such deliberate,
callous and reckless indifference as to make these Defendants liable to the Plaintiff for
punitive damages.

88.   Plaintiff alleges that the injuries and damages sustained by him were
permanent and have had significant consequences on his life.

89.   That the aforesaid damages to the Plaintiff were directly or proximately
caused by the negligence, gross negligence, wanton and callous indifference, reckless
disregard and/or malicious or intentional acts of the Defendants, thus, the Plaintiff is
entitled to sue and recover damages proximately resulting therefrom, including
compensatory damages, punitive damages, attorney's fees, pre-judgment and post-

judgment interest, and such other relief as Plaintiff may be entitled to under the laws of the State of Mississippi and the United States of America.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, Patrick Harris, demands judgment of and from the Defendants in an amount that will reasonably compensate Plaintiff for injuries and/or damages and to punish Defendants in order to deter future wrongful conduct, with said damages to include compensatory damages in an amount determined by a jury, punitive damages in an amount determined by a jury, attorney's fees and costs of these proceedings pursuant to 42 U.S.C. § 1988 and any other statute or common law, pre-judgment and post-judgment interest, and such other relief as Plaintiff may be entitled to under the laws of the State of Mississippi and the United States of America, and any and all other relief this Honorable Court deems just, proper and equitable.

DATE: _Sept. 3 rd_ , 2015.


Respectfully submitted,
**Patrick Harris**

BY: _____
Daniel D. Ware
His Attorney


Ware Law Firm, PLLC
Daniel D. Ware, MSB 10,847
2609 Hwy 49 South
Florence, MS 39073
601-845-9273 (phone)
601-845-0749 (fax)
dware@warelawfirm.com

22