**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**PATRICK HARRIS**                                                                **PLAINTIFF**

**VS.**                                           **CIVIL ACTION NO.: 3:15-cv-00646-TSL-RHW**

**CITY OF PEARL, MISSISSIPPI, OFFICER
JOEL HOUSTON, OFFICER JEFF WILDER,
OFFICER CHALMERS GORDON, OFFICER,
AMANDA THOMASSON, IN THEIR OFFICIAL
AND INDIVIDUAL CAPACITIES, AND JOHN
DOE OR JANE DOES 1-15**                                     **DEFENDANTS**

**DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendants[1] the City of Pearl, Mississippi, Officer Joel Houston, Officer Chalmers Gordon, and Officer Amanda Thomasson (in their official and individual capacities) provide their affirmative defenses and answer to Plaintiff Patrick Harris' complaint as follows:

**FIRST AFFIRMATIVE DEFENSE**

The complaint fails to state claims upon which relief can be granted, in whole or in part.

**SECOND AFFIRMATIVE DEFENSE**

Defendants plead all applicable statutes of limitations.

**THIRD AFFIRMATIVE DEFENSE**

Because Plaintiff's alleged injuries were not caused by a policy or custom of the City of Pearl, Mississippi, there is no municipal liability under federal law.

**FOURTH AFFIRMATIVE DEFENSE**

Punitive damages cannot be assessed against the City of Pearl, Mississippi or Houston, Gordon, and Thomasson in their official capacities. To the extent Plaintiff asserts punitive damages against Houston, Gordon, and Thomasson in their individual capacities, Plaintiff's

---

[1] Jeff Wilder is named as a defendant as well but has not been served with process.

claim for punitive damages is barred because they did not engage in any conduct with actual malice or wanton or willful disregard for Plaintiff's rights.

## FIFTH AFFIRMATIVE DEFENSE

While denying that Plaintiff is entitled to punitive damages, Defendants affirmatively plead that an award of punitive damages would violate both the federal and Mississippi Constitutions.

## SIXTH AFFIRMATIVE DEFENSE

Defendants plead all applicable provisions of the Mississippi Tort Claims Act, including, but not limited to, all applicable statutes of limitations, exemptions from liability, immunity provisions, jurisdictional prerequisites to suit, and right to a bench trial instead of jury trial.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff has sued Defendants Houston, Gordon, and Thomasson in their individual capacities, all are entitled to qualified immunity from Plaintiff's claims.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants plead the defenses of collateral estoppel, equitable estoppel, judicial estoppel, and *res judicata*.

## NINTH AFFIRMATIVE DEFENSE

The doctrine of *Heck v. Humphrey* bars some or all of Plaintiff's claims.

## ANSWER

Without waiving any of the aforementioned affirmative defenses, and expressly reserving the right to assert any future defenses that may be necessary, Defendants respond to the complaint as follows:

Defendants deny the unnumbered paragraph preceding section I. of the complaint.

## I. PARTIES

1. The allegations contained in paragraph 1 of the complaint are denied for lack of sufficient information.

2. The allegations contained in paragraph 2 of the complaint call for a legal conclusion and are denied for lack of sufficient information.

3. The allegations contained in paragraph 3 of the complaint call for a legal conclusion and are denied for lack of sufficient information.

4. The allegations contained in paragraph 4 of the complaint call for a legal conclusion and are denied for lack of sufficient information.

5. The allegations contained in paragraph 5 of the complaint call for a legal conclusion and are denied for lack of sufficient information.

6. The allegations contained in paragraph 6 of the complaint call for a legal conclusion and are denied for lack of sufficient information.

7. The allegations contained in paragraph 7 of the complaint are denied for lack of sufficient information.

8. The allegations contained in paragraph 8 of the complaint are denied.

9. The allegations contained in paragraph 9 of the complaint are denied for lack of sufficient information.

## II. JURISDICTION AND VENUE

10. Defendants admit that this Court has both personal and subject matter jurisdiction, but the remaining allegations contained in paragraph 10 of the complaint call for a legal conclusion and are denied.

11. Defendants admit that venue is proper, but the remaining allegations contained in paragraph 11 of the complaint call for a legal conclusion and are denied.

### III. FACTS GIVING RISE TO CAUSE OF ACTION

12. The allegations contained in paragraph 12 of the complaint are denied.

13. The allegations contained in paragraph 13 of the complaint are denied for lack of sufficient information.

14. The allegations contained in paragraph 14 of the complaint are admitted.

15. The allegations contained in paragraph 15 of the complaint are denied.

16. The allegations contained in paragraph 16 of the complaint are denied.

17. The allegations contained in paragraph 17 of the complaint are denied for lack of sufficient information.

18. The allegations contained in paragraph 18 of the complaint are denied for lack of sufficient knowledge.

19. The allegations contained in paragraph 19 of the complaint are denied for lack of sufficient knowledge.

20. The allegations contained in paragraph 20 of the complaint are denied.

21. The allegations contained in paragraph 21 of the complaint are denied.

22. The allegations contained in paragraph 22 of the complaint are denied.

23. The allegations contained in paragraph 23 of the complaint are denied.

24. The allegations contained in paragraph 24 of the complaint are denied.

25. The allegations contained in paragraph 25 of the complaint are admitted.

26. The allegations contained in paragraph 26 of the complaint are denied.

27. The allegations contained in paragraph 27 of the complaint call for a legal conclusion and are denied.

28. The allegations contained in paragraph 28 of the complaint are denied for lack of sufficient knowledge.

PD.18291824.1

29. The allegations contained in paragraph 29 of the complaint are denied.

30. The allegations contained in paragraph 30 of the complaint are admitted.

31. The allegations contained in paragraph 31 of the complaint call for a legal conclusion and are denied.

32. The allegations contained in paragraph 32 of the complaint are admitted.

33. It is admitted that an order from Pearl Municipal Court was signed, on April 22, 2013, transferring Docket No. 201232728 to Rankin County Justice Court. The remaining allegations contained in paragraph 33 of the complaint are denied.

34. The allegations contained in paragraph 34 of the complaint are admitted.

35. The allegations contained in paragraph 35 of the complaint are denied for lack of sufficient knowledge.

36. The allegations contained in paragraph 36 of the complaint are denied.

37. It is admitted that the Rankin County Justice Court signed an order of dismissal on June 9, 2015. The remaining allegations contained in paragraph 37 of the complaint are denied for lack of sufficient knowledge.

38. The allegations contained in paragraph 38 of the complaint are denied.

39. The allegations contained in paragraph 39 of the complaint are denied.

40. The allegations contained in paragraph 40 of the complaint are denied.

41. The allegations contained in paragraph 41 of the complaint are denied.

42. The allegations contained in paragraph 42 of the complaint are denied.

43. The allegations contained in paragraph 31 of the complaint call for a legal conclusion and are denied for lack of sufficient information.

44. The allegations contained in paragraph 44 of the complaint are denied.

45. The allegations contained in paragraph 45 of the complaint are denied.

46. The allegations contained in paragraph 46 of the complaint are denied.

47. The allegations contained in paragraph 47 of the complaint are denied.

48. The allegations contained in paragraph 48 of the complaint are denied.

49. The allegations contained in paragraph 49 of the complaint are denied.

50. The allegations contained in paragraph 50 of the complaint are denied.

51. The allegations contained in paragraph 51 of the complaint are denied.

52. The allegations contained in paragraph 52 of the complaint are denied.

53. The allegations contained in paragraph 53 of the complaint are denied.

## IV.

## COUNT ONE – 42 U.S.C. § 1983 and 1988

54. Defendants incorporate their responses to the preceding paragraphs in response to paragraph 54 of the complaint. The specific allegations contained in paragraph 54 of the complaint are denied.

55. The allegations contained in paragraph 55 of the complaint are denied.

56. The allegations contained in paragraph 56 of the complaint are denied.

57. The allegations contained in paragraph 57 of the complaint are denied.

58. The allegations contained in paragraph 58 of the complaint are denied.

59. The allegations contained in paragraph 59 of the complaint call for a legal conclusion and are denied.

60. The allegations contained in paragraph 60 of the complaint are denied.

61. The allegations contained in paragraph 61 of the complaint are denied.

62. The allegations contained in paragraph 62 of the complaint are denied.

PD.18291824.1

## COUNT TWO – 42 U.S.C. § 1983 and 1988
### (Deprivation of Civil Rights)

63. Defendants incorporate their responses to the preceding paragraphs in response to paragraph 63 of the complaint.

64. The allegations contained in paragraph 64 of the complaint call for a legal conclusion and are denied for lack of sufficient information.

65. The allegations contained in paragraph 65 of the complaint are denied.

66. The allegations contained in paragraph 66 of the complaint are denied.

67. The allegations contained in paragraph 67 of the complaint are denied.

68. The allegations contained in paragraph 68 of the complaint are denied.

69. The allegations contained in paragraph 69 of the complaint are denied.

70. The allegations contained in paragraph 70 of the complaint are denied.

71. The allegations contained in paragraph 71 of the complaint are denied.

72. The allegations contained in paragraph 72 of the complaint are denied.

73. The allegations contained in paragraph 73 of the complaint are denied.

## COUNT THREE – 42 U.S.C. § 1983 and 1988
### (Violations of Fourth and Fourteenth Amendments.)

74. Defendants incorporate their responses to the preceding paragraphs in response to paragraph 74 of the complaint.

75. The allegations contained in paragraph 75 of the complaint call for a legal conclusion and are denied.

76. The allegations contained in paragraph 76 of the complaint, including subparagraphs A. through D., are denied.

77. The allegations contained in paragraph 77 of the complaint are denied.

78. The allegations contained in paragraph 78 of the complaint are denied.

## COUNT FOUR – FOURTEENTH AMENDMENT

79. Defendants incorporate their responses to the preceding paragraphs in response to paragraph 79 of the complaint.

80. The allegations contained in paragraph 80 of the complaint are denied.

81. The allegations contained in paragraph 81 of the complaint are denied.

82. The allegations contained in paragraph 82 of the complaint are denied.

83. The allegations contained in paragraph 83 of the complaint are denied.

84. The allegations contained in paragraph 84 of the complaint are denied.

## V.

## DAMAGES AND REMEDIES

85. Defendants incorporate their responses to the preceding paragraphs in response to paragraph 85 of the complaint.

86. The allegations contained in paragraph 86 of the complaint, including subparagraphs A. through E., are denied.

87. The allegations contained in paragraph 87 of the complaint are denied.

88. The allegations contained in paragraph 88 of the complaint are denied.

89. The allegations contained in paragraph 89 of the complaint are denied.

Defendants deny that Plaintiff is entitled to any of the relief requested in the unnumbered section of the complaint beginning, "WHEREFORE, PREMISES CONSIDERED . . . ." and further denies that Plaintiff is entitled to relief of any sort.

Consistent with the affirmative defenses and answers set forth herein, Defendants request that the complaint be dismissed, with all costs taxed to the Plaintiff and an award of attorney's fees provided to Defendants.

Dated: November 9, 2015.

Respectfully submitted,

**PHELPS DUNBAR, LLP**

BY: <u>*/s/ G. Todd Butler*</u>
    Gary E. Friedman, MB #5532
    G. Todd Butler, MB #102907
    4270 I-55 North
    Jackson, Mississippi 39211-6391
    P. O. Box 16114
    Jackson, Mississippi 39236-6114
    Telephone: (601) 352-2300
    Telecopier: (601) 360-9777
    Email: friedmag@phelps.com
         butlert@phelps.com

## **CERTIFICATE OF SERVICE**

I, TODD BUTLER, do hereby certify that a copy of the above and foregoing *ANSWER AND AFFIRMATIVE DEFENSES* has been electronically filed with the Clerk of the Court, using the CM/ECF system, which will send notification of such filing to all counsel of record.

    Daniel D. Ware, Esq.
    WARE LAW FIRM, PLLC
    2609 U.S. Hwy. 49 South
    Florence MS 39073
    (601) 845-9273
    dware@warelawfirm.com

    ***ATTORNEY FOR PLAINTIFF***

SO CERTIFIED, this the 9th day of November, 2015.


                                          */s/ G. Todd Butler*
                                          G. TODD BUTLER